STATE v. DANIEL PEEBLES.[1]

November 18, 1904.

Nos. 14,016—(22).

**Presenting Fraudulent Claim to Public Officer.**

Defendant, chairman of the town board of supervisors, caused two certain orders, aggregating $80.75, to be issued on the town treasurer, in favor of third persons, in payment of work and labor alleged to have been performed for the town, signed by himself as chairman of the board and the town clerk, and presented the same to the town treasurer for payment, who indorsed thereon, "Not paid for the want of funds." He then negotiated them at a bank, and the town treasurer subsequently paid them. The indebtedness for which the orders were issued was incurred by defendant in the performance of a contract with the county, and was not a proper charge against the town; and prior to the issuance of the orders no itemized statement had been presented to the town board of supervisors for allowance, nor had the town board authorized payment of the same. *Held*, (1) that the facts stated constituted the presentation of a false and fraudulent claim to a public officer for payment, within the meaning of G. S. 1894, § 6812; and (2) that the evidence sustains the verdict of the jury.

Appeal by defendant from an order of the district court for Anoka county, Giddings, J., denying a motion for a new trial. Affirmed.

*Lane & Nantz,* for appellant.

*W. J. Donahower,* Attorney General, *P. A. Ewert,* Assistant Attorney General, and *Albert F. Pratt,* County Attorney, for the State.

BROWN, J.

Defendant was charged by indictment with the crime of presenting a false and fraudulent claim to a public officer for payment, convicted on trial, and appealed from an order denying his motion for a new trial.

The facts are as follows: Defendant was chairman of the board of supervisors of the town of Blaine, in Anoka county, and had been such for three years prior to the transaction here in question. The

[1] Reported in 101 N. W. 306.

board of commissioners of that county appropriated the sum of $1,000 to be expended in the repair of certain highways in the county, and the amount was placed in the hands of defendant to expend in that behalf. Defendant superintended the work under contract with the county, and incurred an indebtedness of $1,080.75—$80.75 in excess of the amount appropriated and of what he was authorized to expend. Defendant sought to have the board of commissioners pay such excess, which they declined to do, whereupon he induced the clerk of the town of Blaine, into and through which the improved highway extended, to draw two town orders, amounting in the aggregate to the sum of $80.75, to enable him to pay fully the indebtedness he had thus incurred. The orders were issued to two different persons who had been employed in and about the work of repairing the roads, but defendant took and presented the same to the town treasurer, who indorsed thereon, "Not paid for the want of funds." He then negotiated them at a bank, receiving the money, and subsequently paid it to the payees named in the orders. The orders were afterwards paid by the town treasurer. No itemized statement of any account against the town for the amount of the alleged indebtedness was prior to this time presented to the board of supervisors for their action, and the board had in no manner authorized the town clerk or defendant to draw the orders on the town treasury.

The assignments of error disclose no reason for reversing the order appealed from, and it must be affirmed. G. S. 1894, § 6812, under which defendant was indicted, provides that any person who, knowingly and with intent to defraud, presents for audit or allowance, or for payment, to any officer or board of officers of the state, or of any county, town, or city, authorized to audit or allow bills or claims, any false or fraudulent claim, bill, or account, writing or voucher, is guilty of a felony.

It is urged by defendant that the evidence is insufficient to show that by his act he intended to defraud the town of Blaine, or that he presented a false or fraudulent claim for payment. We think the evidence sufficient to sustain the verdict of the jury on this subject.

Defendant's intention in the premises must be determined from his acts. He knew that payment of the claim for which he caused the orders to be issued had never been authorized by the town board of

supervisors, and he knew also that the town had not authorized him to incur the debt. That he intended to obtain the money from the town upon this claim, there is no doubt. That it was a false claim is equally clear, for it had never been allowed by the town board of supervisors, and was not incurred under a contract with the town. That his act in causing the orders to be issued, signed by himself as chairman of the board of supervisors, procuring the town clerk to attest the same in his official capacity, and presenting the same to the town treasurer for payment, constituted the presentation of a false and fraudulent claim for payment, within the meaning of the statute referred to, is the only conclusion that the evidence will warrant. Whether the claim would have been allowed by the board of supervisors, had it been properly presented to that body, is wholly immaterial. It was not a proper charge against the town, for it had been incurred by defendant under a contract with the county.

Defendant offered to prove on the trial that the board of supervisors, acting as an auditing body of the township of Blaine, at a regular meeting, audited and allowed this identical claim, and, on objection of the state, the testimony was excluded. We find no error in this ruling. The board of supervisors, acting as an auditing body, had no authority to audit or allow the claim. They may have approved the accounts of the treasurer and town clerk, including this item, but that fact would not relieve defendant from the consequences of his wrongful conduct.

Order affirmed.